IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROMAN SEBASTIAN MONZON, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:22-cv-00220 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| MELISSA WELCH, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**ORDER**

Plaintiff Roman Sebastian Monzon, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is a motion from Monzon which he has titled a motion to compel. (Dkt. No. 39.) In it, he asks that the court enter an order "directing the defendants to provide him with access to the law library at Sussex I State Prison so that he may conduct the research necessary to respond to their Motion for Summary Judgment." (Dkt. No. 39, at 1.) In an attached declaration, he claims that he has not been scheduled for the law library despite multiple requests, and has complained to Billups, the law library supervisor. He claims that an officer named Bell calls only one inmate at a time to the law library, giving each one hour for research. And slots are only available Monday through Thursday, ten hours each day, for a total of forty hours a week. (*Id.* at 1–2.) According to Monzon, this is insufficient for the large number on inmates housed at his facility. In a more recent submission, moreover, Monzon suggests that he intends to "join" as defendants in this action Billups and two other employees who manage the law library, based on their denying him sufficient access to the legal research he needs for this and other cases he is prosecuting. (Dkt. No. 44-1, at 1–2.)

Defendants have filed a response in opposition to Monzon's motion, in which they contend that the motion is not a proper motion to compel and that, to the extent it is more properly construed as a motion for preliminary injunction, it should be denied. (Dkt. No. 40.) The court agrees that it is not a motion to compel because Monzon is not seeking to compel any

particular discovery.  *Cf.* Fed. R. Civ. P. 37.  Instead, the court will construe his motion as a motion for preliminary injunction.[1]  For the reasons set forth herein, the motion will be denied.

As defendants correctly note, the requested injunctive relief—unfettered access to the law library—is not related to Monzon's claims in this lawsuit.  This lawsuit alleges that he was denied the ability to purchase a particular song through the music vendor available to Virginia Department of Corrections inmates.  (*See generally* Compl., Dkt. No. 1.)  He claims that the policy that disallowed the song he wanted resulted in "unlawful censorship of music," in violation of his First Amendment rights.  The case has nothing to do with library access.

Moreover, if Monzon wants to bring separate claims arising from his inability to access the library, as he suggests, then he should do so in a separate lawsuit.  Such claims—against entirely different defendants than the defendant in this case—are not properly joined in this case.  *See* Fed. R. Civ. P. 18, 20 (discussing joinder of defendants and claims).

Preliminary injunctive relief is an "extraordinary" remedy that courts should grant only "sparingly."  *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).  The party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014).  The remedy may be granted only on a "clear showing" of entitlement to relief.  *Winter*, 555 U.S. at 22.

Important here, a preliminary injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint.  *Omega World Travel v. TWA*, 111 F.3d

---

[1] As a motion to compel, the motion was properly referred to the assigned magistrate judge.  But because the court is construing the motion as a motion for preliminary injunction, the undersigned will withdraw the reference to the magistrate judge as to this motion only, and rule on it.

14, 16 (4th Cir. 1997). The movant thus must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Applying those standards, the court concludes that Monzon's motion must be denied. In particular, it asks for relief that is unrelated to his underlying claims, in violation of the principles set forth in *Omega World Travel*. Again, if Monzon believes that a specific official or officials are improperly denying him access to the law library and thus interfering with his access to court, he may assert that claim in a separate lawsuit, after first exhausting his administrative remedies. If he chooses, he also may re-file his motion for injunctive relief in such a case. But that claim is not before the court, and the harm claimed in his current motion is not "caused by the wrong claimed in the underlying action." *See Omega World Travel*, 111 F.3d at 16. Because the injunctive relief he seeks is not related to the claims in this lawsuit, the court may not grant it in this lawsuit. *See id.*

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that: the referral of Monzon's motion to compel (Dkt. No. 39) to the magistrate judge is WITHDRAWN, only as to this motion; and the motion is hereby construed as a motion for preliminary injunction and is DENIED. The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to the parties.

Entered: May 16, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge